# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:98CR00037 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | |
| | ) | By: James P. Jones |
| **LATASHA MARIE SMITH**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for United States; Andrea L. Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

I will overrule the government's objections.

The government asks this court to focus on information contained in the original Presentence Investigation Report and the defendant's behavior while incarcerated when deciding whether to reduce the defendant's sentence.

With regard to the conduct underlying the offense and the defendant's criminal history, as detailed in the Presentence Investigation Report, the guidelines provide mechanisms for consideration of both via the Total Offense Level and the Criminal

History Category. Absent any evidence that this defendant's Total Offense Level and Criminal History Category uniquely fail to paint an accurate picture of the defendant's background or danger to the public, I find that neither the conduct underlying the conviction nor the defendant's criminal history is a bar to a reduction in sentence.

The government's final argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release her into the community. In the almost ten years that the defendant has been incarcerated, she has been sanctioned for ten incidents of non-violent misconduct, the most serious of which is fighting with another inmate. I do not find that the defendant's post-sentencing conduct is significant enough to bar a reduction of her sentence.

Finally, the government argues that the defendant has already received a lower sentence than she should have received because she benefitted from a plea agreement, and therefore her sentence should not be reduced. The defendant, however, did not benefit from a plea agreement. She pled not guilty and was subsequently convicted by a jury.

A separate judgement will be entered.

Dated: April 22, 2008

/S/ JAMES P. JONES
Chief United States District Judge