# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:98CR00037-003 |
| | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | By: James P. Jones |
| **LATASHA MARIE SMITH**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Latasha Marie Smith, Pro Se Defendant.*

The defendant was convicted by a jury in this court of conspiracy to distribute cocaine base and possession of cocaine base with the intent to distribute it, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). On November 23, 1999, she was sentenced to a total term of 262 months imprisonment. On April 22, 2008, this court reduced her sentence to a total term of 210 months under 18 U.S.C.A. § 3582(c)(2) (West 2000), based on the retroactive application of the amended crack cocaine sentencing guidelines.

The defendant has now moved to further reduce her sentence based on the 2007 amendment to the criminal history guideline set forth in U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(c)(1) (2007). That amendment changed the counting of

probationary sentences from "at least" one year to "more than one year." USSG Supp. app. C, amend. 709 (Nov. 1, 2007).

Even if the defendant's criminal history would be calculated differently under the amended version of the guideline (and there is no indication that it would), the amendment in question was not made retroactive by the Sentencing Commission. *See* USSG § 1B1.10 (2007). Accordingly, the court is without power to reduce the defendant's sentence under § 3582(c)(2).

It is **ORDERED** that the defendant's motion (#319) is therefore DENIED.

ENTER: October 31, 2008

/s/ JAMES P. JONES
Chief United States District Judge